IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRENDELL WATERS,** | : | **CIV NO. 1:22-CV-1112** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **HARRISBURG PROPERTY SERVICES, LLC.,** | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM OPINION

## I.   Factual Background

This is a *pro se* civil rights lawsuit dilled by Trendell Waters against his former employer, Harrisburg Property Services. (Doc. 1). Liberally construed, the complaint alleges that Mr. Waters was denied a promotion, transferred and constructively discharged from his job after 18 years of service for racially discriminatory reasons. (Id.) Mr. Waters' complaint then alleges the following claims and causes of action:

> 21. The conduct of the defendants to participate in a conspiracy to deprive Mr. Waters. [sic] of finances related to his employment, as well as his right to be heard is [a] violation of his rights to due process under the 5th Amendment.
>
> 22. By participating in acts which intentionally harmed Mr. Waters, the defendant acted unethically and with bias which is clearly proven based on their sole course of action to deprive Mr. Waters of his rights, and to cause him extreme distress and financial loss to him and his immediate family.

> 23. Due to defendants' acts and failures to act, plaintiff suffered extreme emotional distress, mental anguish as well as financial loss for the entire Waters family.
>
> 24. The act of discrimination against Mr. Waters relative to his employment and direct biased shown by management as well as numerous actors on behalf of Harrisburg Property services is in direct violation of the rights afforded to Mr. Waters under Title VII of the Civil Rights Act of 1964.

(Id., ¶¶ 21-24).

On August 15, 2022, the defendant filed a motion to dismiss, which argued that there had been inadequate service of the complaint and that a number of these claims failed as a matter of law. (Doc. 9). When Mr. Waters failed to respond to this motion, we entered an order on September 15, 2022, which notified the plaintiff of his responsibility to respond to this motion to dismiss on or before October 6, 2022. (Doc. 14). We also warned Mr. Waters in clear and precise terms that "a failure to comply with this direction may result in the motion being deemed unopposed and granted." (Id.)

Despite this explicit warning, Mr. Waters has not responded to this motion to dismiss, and the time for filing a response has now passed. Accordingly, in the absence of any action by the plaintiff to comply with the court's orders and prosecute this appeal, this case will be deemed ripe for resolution.

For the reasons set forth below, this motion to dismiss will be granted, but without prejudice to the plaintiff endeavoring to file an amended complaint and a motion requesting service of that amended complaint.

II.    **Discussion**

    A.    **Under The Rules of This Court This Partial Motion to Dismiss Should Be Deemed Unopposed and Granted**.

At the outset, under the Local Rules of this Court the plaintiff should be deemed to concur in this motion, since the plaintiff has failed to timely oppose the motion or otherwise litigate this case. This procedural default completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the rules of this court warrants dismissal of the action, since Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.' " Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, at *1 (M.D. Pa. Aug. 26,

2010) (quoting Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)). In this case, the plaintiff has not complied with the local rules, or this Court's order, by filing a timely response to this motion. Therefore, these procedural defaults by the plaintiff compel the court to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. See Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion ...." McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir.1998).

Lease v. Fishel, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010).

With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system. A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by the rules when such rules are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion.' " Id. Therefore, we are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

These basic tenets of fairness apply here. In this case, the plaintiff has failed to comply with Local Rule 7.6 by filing a timely response to this motion to dismiss.

This failure now compels us to apply the sanction called for under Rule 7.6 and deem the motion unopposed.

### B. Dismissal of Some Claims in this Case Is Warranted Under Rule 41.

Rule 41(b) of the Federal Rules of Civil Procedure also authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). That discretion, however, while broad is governed by certain factors, commonly referred to as the Poulis factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion, "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011) (quoting Briscoe v. Klaus, 538 F.3d 252 (3d Cir. 2008)). Therefore, "[i]n balancing the Poulis factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." Briscoe, 538 F.3d at 263 (quoting Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)). Consistent with this view, it is well settled that " 'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.' " Id. (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Mindek, 964 F.2d at 1373). Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the Court of Appeals for the Third Circuit has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. See, e.g., Emerson, 296 F.3d 184; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first Poulis

factor—the extent of the party's personal responsibility—shows that the failure to respond to this motion is entirely attributable to the plaintiff, who has failed to abide by court orders or respond to a motion to dismiss in this Social Security appeal.

Similarly, the second Poulis factor—the prejudice to the adversary caused by the failure to abide by court orders—also calls for dismissal of this action. Indeed, this factor—the prejudice suffered by the party seeking sanctions—is entitled to great weight and careful consideration. As the Third Circuit has observed:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware, 322 F.3d at 222.

Briscoe, 538 F.3d at 259-60.

In this case, the plaintiff's failure to litigate this claim, or to comply with court orders, now wholly frustrates and delays the resolution of this action. In such instances, the defendant is plainly prejudiced by the plaintiff's continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge. Tillio, 256

F. App'x 509 (failure to timely serve pleadings compels dismissal); Reshard, 256 F. App'x 506 (failure to comply with discovery compels dismissal); Azubuko, 243 F. App'x 728 (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor—the history of dilatoriness on the plaintiff's part—it becomes clear that dismissal of this action is now appropriate. In this regard, it is clear that " '[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders.' " Briscoe, 538 F.3d at 260-61 (quoting Adams, 29 F.3d at 874) (some citations omitted). Here, the plaintiff has failed to comply with court orders or file a response in opposition to a motion to dismiss in this Social Security appeal as directed. Thus, the plaintiff's conduct begins to display "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874.

The fourth Poulis factor—whether the conduct of the party or the attorney was willful or in bad faith—also cuts against the plaintiff in this case. In this setting, we must assess whether this conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence. Adams, 29 F.3d at 875. At this juncture, when the plaintiff has failed to

comply with instructions of the court, the court is compelled to conclude that the plaintiff's actions are not isolated, accidental, or inadvertent but instead may reflect an ongoing disregard for this case and the court's instructions.

While Poulis also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. See, e.g., Briscoe, 538 F.3d at 262-63; Emerson, 296 F.3d at 191. This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering our prior orders and counseling the plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail. The plaintiff still has not fulfilled his responsibilities as a litigant. Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the court.

Finally, under Poulis, we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims. In our view, however, consideration of this factor cannot save this particular plaintiff's claims, since the plaintiff is now wholly non-compliant with the court's instructions. The plaintiff cannot refuse to comply with court orders which are necessary to allow resolution of the merits of his claims,

and then assert the untested merits of these claims as grounds for declining to dismiss the case. Furthermore, it is well settled that " 'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.' " Briscoe, 538 F.3d at 263 (quoting Ware, 322 F.3d at 222; Mindek, 964 F.2d at 1373). Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot prevent dismissal of a case for failure to prosecute.

In any event we note that Waters' *pro se* complaint encounters a number of legal obstacles. For example, the defendant asserts that Mr. Waters has failed to properly serve the complaint under Rule 4 of the Federal Rules of Civil Procedure. While this failure of service can be cured, and upon a proper motion by the plaintiff we would consider directing service of the complaint, these service concerns are legitimate threshold obstacles to pursuit of this lawsuit.

Furthermore, while Mr. Waters' Title VII claim against his former employer may not be subject to summary dismissal, we agree that the allegedly adverse actions of this private employer against Mr. Waters, a former employee, do not implicate the Fifth Amendment since that constitutional guarantee only acts as a restraint upon government, not private parties. Abulkhair v. Google LLC, 738 F. App'x 754, 756 (3d Cir. 2018); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 208 (3d Cir. 2000). Moreover, with respect to Mr. Waters' claim for intentional infliction of emotional distress we note that while:

> Pennsylvania courts have declined to categorically bar such claims, they have often declined to treat an alleged wrongful discharge as tantamount to the intentional infliction of emotional distress. Strickland v. Univ. of Scranton, 700 A.2d 979, 987 (Pa. Super. Ct. 1997); Rinehimer v. Luzerne Cty. Cmty. Coll., 372 Pa. Super. 480, 495, 539 A.2d 1298, 1305 (1988). Likewise federal courts applying Pennsylvania law have consistently rejected efforts to extend the tort of intentional infliction of emotional distress to workplace discipline or termination. Green v. Bryant, 887 F. Supp. 798, 803 (E.D. Pa. 1995); Brieck v. Harbison-Walker Refractories, a Div. of Dresser Indus., 624 F. Supp. 363, 367 (W.D. Pa. 1985), amended on denial of reconsideration, 705 F. Supp. 269 (W.D. Pa. 1986), and aff'd in part, rev'd in part sub nom. Brieck v. Harbison-Walker Refractories, Div. of Dresser Indus., No. 86-3068, 1987 WL 246509 (3d Cir. June 18, 1987), and aff'd in part, rev'd in part, 822 F.2d 52 (3d Cir. 1987). Courts have adhered to this view even when it has also been alleged that the employer's conduct violated the FMLA or other federal workplace discrimination statute, holding that in this setting that "[i]t is well-settled that termination from a job is a legally insufficient basis for an intentional infliction of emotional distress claim." Sabo v. UPMC Altoona, 386 F.Supp.3d 530, 557 (W.D. Pa. 2019).

McCullough v. Wellspan York Hosp., No. 1:20-CV-979, 2021 WL 711476, at *5 (M.D. Pa. Feb. 5, 2021), report and recommendation adopted, No. 1:20-CV-979, 2021 WL 694800 (M.D. Pa. Feb. 23, 2021).

Thus, it appears that an evaluation of this final Poulis factor also favors dismissal of at least some of the plaintiff's claims. However, we are mindful that that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless

11

granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Mindful of this principle, we will dismiss this complaint without prejudice to the filing of an amended complaint stating proper claims under federal law, accompanied by a motion seeking the court's assistance in effecting proper service of the complaint, provided the plaintiff acts within twenty days of the entry of this opinion and order.

    An appropriate order follows.

                                                *S/ Martin C. Carlson*
                                                Martin C. Carlson
                                                United States Magistrate Judge

DATED: October 13, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRENDELL WATERS,** | : | **CIV NO. 1:22-CV-1112** |
| | : | |
| **Plaintiff,** | : | **(Judge )** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **HARRISBURG PROPERTY SERVICES, LLC.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 13th day of October 2022, in accordance with the accompanying Memorandum Opinion, IT IS ORDERED that the defendant's motion to dismiss (Doc. 9), is GRANTED without prejudice to the filing of an amended complaint stating proper claims under federal law, accompanied by a motion seeking the court's assistance in effecting proper service of the complaint, provided the plaintiff acts within twenty days of the entry of this opinion and order. The clerk is directed to CLOSE this file.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

13